UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GILDA MARIE SCHOONOVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 07-CV-0283-CVE-FHM |
| ) | |
| MILLICENT NEWTON-EMBRY, ) | |
| Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner, a state inmate, filed her petition *pro se*. On August 1, 2007, attorney Matt Dowling entered his appearance (Dkt. # 11) on behalf of Petitioner. Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7). Petitioner filed a *pro se* response to the motion (Dkt. # 9). Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss shall be granted.

As a preliminary matter, the Court finds that because Petitioner is currently in custody under a state court judgment, the proper respondent is the state officer who has custody of Petitioner. See Rule 2(a), *Rules Governing Section 2254 Cases*. The state officer having custody of Petitioner is Millicent Newton-Embry, Warden of Mabel Basset Correctional Center. Therefore, the Court finds that the State of Oklahoma and Drew Edmondson, Attorney General of Oklahoma, are not proper respondents and shall be dismissed from this action.

*BACKGROUND*

Petitioner was convicted by a jury of Murder in the First Degree in Mayes County District Court, Case No. CF-99-271. She was sentenced to life with the possibility of parole. Petitioner appealed her Judgment and Sentence to the Oklahoma Court of Criminal Appeals where, on September 8, 2004, her conviction was affirmed (Dkt. # 8, Ex.1). Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On September 30, 2005, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 8, Ex. 2. By Order filed December 2, 2005, the state district court denied post-conviction relief. Id. Petitioner appealed. By Order filed April 10, 2006, in PC-2006-5, the OCCA dismissed the appeal for Petitioner's failure to follow Rule 1.6(B), *Rules of the Oklahoma Court of Criminal Appeals*. Id.

On May 22, 2006, Petitioner filed an application for a Writ of Mandamus with the Oklahoma Supreme Court (Dkt. # 8, Ex. 3). The application was denied on June 12, 2006. Id. She filed an application for reconsideration on June 27, 2006, which was denied on June 29, 2006. Id.

On July 3, 2006, Petitioner filed a "Motion to Exhume the Truth" in Mayes County District Court Case No. CF-1999-271. See Dkt. # 8, Ex. 4. By minute order dated October 25, 2006, the state district court denied the motion. See id., Ex. 5.

The instant petition for writ of habeas corpus was filed by Petitioner on May 14, 2007 (Dkt. # 1).

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can be extended under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

**a.      Calculation of the limitations period**

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on December 7, 2004, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F. 3d

1269, 1273 (10th Cir. 2001). As a result, her one-year limitations clock began to run on December 7, 2004, and, absent a tolling event, a federal petition for writ of habeas corpus filed after December 7, 2005, would be untimely.

Pursuant to § 2244(d)(2), the limitations period was suspended during the time Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts. On September 30, 2005, Petitioner properly filed an application for post-conviction relief. The application was filed 68 days prior to the December 7, 2005, deadline. Pursuant to § 2244(d)(2), the limitations clock stopped running on September 30, 2005, and did not begin to run again until the state courts completed review of Petitioner's properly filed post-conviction proceeding. The district court denied Petitioner's request for post-conviction relief on December 2, 2005. Although Petitioner appealed the decision to the OCCA, the post-conviction appeal was dismissed on April 10, 2006, for failure to follow the appellate court's procedural rules.[1] Therefore, the limitations period was not tolled during the time Petitioner pursued her post-conviction appeal. See Hoggro v. Boone, 150 F.3d 1223, 1226 (1998) (tolling for a properly filed state post-conviction motion should not continue during the additional time that the defendant appealed the denial of relief to the state appellate court when the appeal was not a properly filed appeal). The limitations clock began to run again 30 days after the state district court denied post-conviction relief, or on January 2, 2006.[2] See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) (holding that the limitations period is

---

[1]   The OCCA found the appellate petition had not been signed by Petitioner or a licensed attorney on her behalf, in violation of Rule 1.6(B), *Rules of the Oklahoma Court of Criminal Appeals*. The appeal was dismissed. See Dkt. # 8, Ex. 3.

[2]   The thirtieth day after December 2, 2005, was Sunday, January 1, 2006. Thus, the limitations period began to run again on Monday, January 2, 2006, the last possible day Petitioner could have properly filed a post-conviction appeal.

tolled for the thirty days during which a petitioner could have filed a timely appeal of the state court's denial of an application for post-conviction relief). With 68 days remaining, Petitioner needed to commence her habeas proceedings in this Court by March 13, 2006.[3]

In response to Respondent's motion to dismiss, Petitioner claims that she has had "without interruption, collateral attack in one form or another before the state's courts from September 30, 2005 until the present, the last filing being a good faith search for truth by Motion to Exhume The Truth filed July 3, 2006." Dkt. # 9 at 2. The Court disagrees with Petitioner. In Barnett v. Lemaster, 167 F.3d 1321 (10th Cir. 1999), the Tenth Circuit Court of Appeals specifically addressed the federal-law definition of "pending" as it relates to application of the tolling provisions of § 2244(d)(2) and held that the term "encompass[es] all of the time during which a state prisoner is attempting, *through proper use of state court procedures*, to exhaust state court remedies with regard to a particular post-conviction application." Id. at 1323 (emphasis added). Based on that definition, the Court rejects Petitioner's argument. As discussed above, Petitioner failed to follow proper state court procedures for perfecting her post-conviction appeal. Therefore, she is not entitled to tolling of the limitations period for the time between January 2, 2006, the deadline for perfecting a timely post-conviction appeal, and April 10, 2006, the date the OCCA dismissed the post-conviction appeal as improperly filed without a signature. Cf. Gibson, 232 F.3d at 804.

Petitioner argues that all her "collateral" proceedings should be used to toll the statute of limitations. Without addressing the merits of Petitioner's claim that her application for a Writ of Mandamus and her "Motion to Exhume the Truth" should be considered post-conviction

---

[3]   The sixty-eighth day was Saturday, March 11, 2006. Thus, Monday, March 13, 2006, was the last possible day for filing.

proceedings for tolling purposes, the Court finds that such proceedings do not toll the limitations period because they were not filed until May 22, 2006, and July 3, 2006, respectively, or after the limitations period had expired on March 13, 2006. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Only properly filed post-conviction applications filed during the one year limitations period can toll the running of the period. Moore v. Gibson, 250 F.3d 1295, 1298-99 (10th Cir. 2001). Therefore, unless Petitioner can demonstrate that she is entitled to other statutory or equitable tolling of the limitations period, her Petition filed May 14, 2007, approximately fourteen months after expiration of the limitations period, is clearly untimely.

**b. Equitable tolling**

In response to Respondent's motion to dismiss, Petitioner contends that failure to review her claims will result in a fundamental miscarriage of justice and that she must be allowed "every opportunity at vindication and truth" (Dkt. # 9 at 3, 5). Petitioner argues that she is an innocent person and "as an innocent person must be heard on merits as both a matter of law and as a matter of Justice." Id. at 2. In summary, Petitioner asserts that her status as "an innocent" must "overcome procedural bars of any kind." Id. at 3.

The Court rejects Petitioner's arguments. Although equitable tolling may be appropriate upon a showing of actual innocence, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), Petitioner's repeated conclusory statements that she is "actually and factually innocent" are insufficient to support a showing of actual innocence. Tenth Circuit authority provides that claims of actual innocence alone cannot serve to toll the limitations period. Miller, 141 F.3d at 978. The record must also demonstrate that the habeas petitioner has pursued her claims diligently but has

been prevented from filing a timely petition due to extraordinary circumstances. Id. In this case, Petitioner waited more than one (1) full year after the OCCA affirmed her conviction on direct appeal before filing her application for post-conviction relief. Thus, the record does not support a finding of diligence by Petitioner. The Court finds Petitioner has failed to demonstrate that her inability to file her habeas petition within the one-year period was due to circumstances beyond her control. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). As a result, the fact that Petitioner claims to be actually innocent of the crime of which she was convicted does not entitle her to equitable tolling of the limitations period. See Miller, 141 F.3d at 978.

## *CONCLUSION*

Petitioner failed to file her petition for writ of habeas corpus within the one-year limitations period. Therefore, the petition for writ of habeas corpus should be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The State of Oklahoma and Drew Edmondson, Attorney General of the State of Oklahoma, are **dismissed** from this action.
2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.
3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

**DATED** this 5th day of November, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT